Steve D. Larson, OSB No. 863540
Email: slarson@stollberne.com
Mark A. Friel, OSB No. 002592
Email: mfriel@stollberne.com
STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. Oak Street, Suite 500
Portland, OR 97204
Telephone:     (503) 227-1600
Facsimile:     (503) 227-6840

Joseph G. Sauder (*to be admitted pro hac vice*)
Matthew D. Schelkopf (*to be admitted pro hac vice*)
Benjamin F. Johns (*to be admitted pro hac vice*)
CHIMICLES & TIKELLIS LLP
One Haverford Center
361 W. Lancaster Ave.
Haverford, PA 19041
Telephone:     (610) 645-4712
Facsimile:     (610) 649-3633

Michael A. Caddell (*to be admitted pro hac vice*)
Cynthia B. Chapman (*to be admitted pro hac vice*)
Craig C. Marchiando (*to be admitted pro hac vice*)
CADDELL & CHAPMAN
1331 Lamar, Suite 1070
Houston, TX  77010
Telephone:     (713) 751-0400
Facsimile:     (713) 751-0906

*Attorneys for Plaintiff and the Putative Classes*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **APRIL SPEERS,** individually and on behalf of all others similarly situated,<br><br>         Plaintiff,<br><br>     v.<br><br>**PRE-EMPLOY.COM, INC.**,<br><br>         Defendant. | Case No. _____<br><br>**CLASS ACTION ALLEGATION COMPLAINT**<br>Fair Credit Reporting Act (15 U.S.C. § 1681)<br><br>DEMAND FOR JURY TRIAL |

## I.  PRELIMINARY STATEMENT

1. Plaintiff brings this action against Defendant for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§1681a–1681x.

2. Defendant Pre-Employ.com, Inc., ("Pre-Employ" or "Defendant") operates a national database of public records and related employment histories as a nationwide consumer reporting agency ("CRA"). It maintains a FCRA database to prepare and furnish consumer reports for pre-employment screening and other purposes.  For a fee, Pre-Employ provides these consumer reports to prospective and existing employers of class members. Many of these employers, like the one to which Plaintiff applied for work, refuse to hire (or discharge) applicants based in whole or in part on the contents of Pre-Employ's consumer reports.

3. When CRAs such as Pre-Employ furnish consumer reports for employment purposes and which contain information likely to have an adverse effect upon a consumer's ability to obtain employment, the CRA must: (1) provide notice to the consumer "at the time" that it provides the report to the employer, or (2) maintain "strict procedures" to ensure that the information contained in such reports is "complete and up-to-date." 15 U.S.C. § 1681k(a).  As discussed below, Defendant failed to do both.

4. The notice option requires that CRAs provide consumers with a copy of the requested report and a written summary of the consumer's rights under the FCRA. *Id.* § 1681k(a)(1).

5. Providing a copy of the criminal-background report as well as a statement of consumer rights before making a final employment decision arms job applicants with the knowledge and information needed to challenge inaccurate, incomplete, and misleading public-records-based reports. The FCRA is designed to permit individuals whose reports are inaccurate

Page 1 -   CLASS ACTION ALLEGATION COMPLAINT

with ample time to identify the inaccuracies and correct them before the employer makes an employment decision.

6. To satisfy the requirement that this information is "complete and up-to-date", CRAs typically check the applicant's criminal history at the courthouse level to provide the most current information in the requested report.

7. Defendant is informed of the necessary rigors that FCRA compliance imposes. Indeed, it actively touts its expertise on its website by stating:

> We have more than 20 years of industry experience and deep expertise with providing organizations of all sizes and industries with fast background checks, accurate drug tests, convenient I-9 compliance, and secure employment verifications. Our modern software-as-a-service (SaaS) solution integrates with popular talent management, applicant tracking, and other systems to streamline screening programs, plus ensure [sic] compliance with corporate policies and government regulations.[1]

8. Defendant did not provide Plaintiff and other similarly situated consumers with the required notice "at the time" such employment-purposed consumer reports were provided to potential employers by Pre-Employ. This important requirement is intended to provide consumers immediate notice of the furnishing of an employment report and details necessary to preemptively contact the reporting agency to obtain and, where appropriate, correct inaccuracies in the furnished report. It also is intended to alert the consumer to the employer's use of the report to provide them the opportunity to address any concerns or disadvantageous history in the report directly with the employer. Pre-Employ's failure to comply with these longstanding requirements denied Plaintiff and each member of the putative Class these important rights.

---

[1] *See About Us,* Pre-Employ.com, http://portal.pre-employ.com/index.php/about-us (last visited Sept. 30, 2013).

Page 2 - CLASS ACTION ALLEGATION COMPLAINT

9.     Defendant also failed to comply with 15 U.S.C. § 1681k(a)(2) since it did not implement the "strict procedures" necessary to ensure that the information, including Plaintiff's criminal history, contained in her report was "complete and up-to-date."  Had Pre-Employ utilized such strict procedures, as required by the FCRA, it would have discovered that the criminal history collected and reported to Plaintiff's prospective employer did not actually belong to Plaintiff.

10.    Plaintiff brings these class claims pursuant to 15 U.S.C. § 1681n for Defendant's willful violation of 15 U.S.C. §1681k(a).  Plaintiff also asserts an individual claim pursuant to 15 U.S.C. § 1681n and 15 U.S.C. § 1681o for Defendant's violation of §1681k and 1681(e), as Pre-Employ failed to maintain reasonable procedures designed to ensure the maximum possible accuracy of the information it reported.

## II.    JURISDICTION AND VENUE

11.    This Court has federal question subject matter jurisdiction under 15 U.S.C. § 1681p and 28 U.S.C. § 1331. The Court also has subject matter jurisdiction of this action pursuant to 28 U.S.C. §1332 of the Class Action Fairness Act of 2005 because: (i) there are 100 or more class members, (ii) there is an aggregate amount in controversy exceeding $5,000,000, exclusive of interest and costs, and (iii) there is minimal diversity because at least one plaintiff and one defendant are citizens of different states.

12.    Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b).

## III.    PARTIES

13.    Plaintiff April Speers is a consumer as defined and protected by FCRA.  At all times relevant hereto, she has been a resident of the State of Oregon.

Page 3 -   CLASS ACTION ALLEGATION COMPLAINT

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET, SUITE 500
PORTLAND, OREGON 97204
TEL. (503) 227-1600   FAX (503) 227-6840

14. Defendant Pre-Employ, a California corporation, can be served at 2301 Balls Ferry Road in Anderson, California 96007. It is a CRA that regularly conducts business in the District of Oregon.

## IV.   FACTUAL ALLEGATIONS

A. **Defendant's Business in Consumer Reporting**

15. Defendant is a nationwide CRA with the ability to access and compile various categories of information into files regarding individuals in the United States.

16. Defendant's files contain names, addresses, Social Security numbers, dates of birth, and other items of personal identifying information about consumers.

17. Defendant's files also include criminal histories, liens and judgments, and other types of public records and information bearing upon consumers and their eligibility for employment.

18. Defendant compiles its files from information derived from various public records and also from private data furnishers.

19. From these files, Defendant generates and sells the consumer reports (alternatively referred to as "credit reports") of millions of consumers annually.

20. Defendant is a CRA that is subject to the FCRA.

21. Using the information in its files, Defendant prepares and sells consumer reports to employers. These reports are critical to the hiring and retention decisions by employers.

B. **Plaintiff's Application for Employment and Pre-Employ's Report**

22. In October 2012, Plaintiff applied for work at Good Samaritan Hospital ("Good Samaritan"). After her interview, Good Samaritan informed Plaintiff of its intent to obtain her background report, a usual and customary practice by this employer.

Page 4 -   CLASS ACTION ALLEGATION COMPLAINT

23.  At the request of Good Samaritan, a potential employer of Plaintiff, Defendant compiled and prepared a report on Plaintiff.

24.  Good Samaritan obtained that background report from Defendant approximately one day later.

25.  The report Defendant provided to Good Samaritan contained incorrect criminal history from the State of Florida that Defendant incorrectly attributed to Plaintiff. Not only does Plaintiff have no criminal history whatsoever, but during 2011 and 2012, the years in which these crimes were supposedly committed, Plaintiff was residing across the country in Oregon.

26.  Good Samaritan informed Plaintiff that it refused to hire Plaintiff based on the contents of Defendant's report.

27.  While Defendant provided Good Samaritan with the background report about Plaintiff, at no time did Defendant provide Plaintiff with a copy of that report or a summary of her FCRA rights as required.

28.  Plaintiff contacted Pre-Employ about the inaccuracies in her report, and Pre-Employ began an investigation into Plaintiff's inaccurate criminal history.

29.  At the same time, Plaintiff investigated the inaccuracies on her own and learned that the questionable criminal history actually belonged to an individual residing in Florida with the same first and maiden name as Plaintiff, but with a different middle name.

30.  Upon information and belief, Pre-Employ uses a loose, name-only matching criteria to connect criminal history to individuals on whom it prepares reports, rather than a more accurate and strict method as required by the FCRA.

31.  As a result, Pre-Employ regularly fails to ensure that the information it reports about individuals is complete and up-to-date.

Page 5 -   CLASS ACTION ALLEGATION COMPLAINT

C.    **The Applicable Law**

32.    CRAs that prepare consumer reports for employment purposes subject themselves to longstanding, clearly defined criteria under the FCRA.

33.    Specifically, if the reports contain public-record information, such as the criminal history at issue here, and that information is "likely to have an adverse effect upon a consumer's ability to obtain employment," the CRA must either:

> (1) at the time such public record information is reported to the user of such consumer report, notify the consumer of the fact that public record information is being reported by the consumer reporting agency, together with the name and address of the person to whom such information is being reported; or
>
> (2) maintain strict procedures designed to insure that whenever public record information which is likely to have an adverse effect on a consumer's ability to obtain employment is reported it is complete and up to date. For purposes of this paragraph, items of public record relating to arrests, indictments, convictions, suits, tax liens, and outstanding judgments shall be considered up to date if the current public record status of the item at the time of the report is reported.

15 U.S.C. § 1681k(a)(1)–(2).

34.    The purpose of the first provision is to permit consumers to have access to the same information an employer is using to make an employment decision about the consumer.

35.    Armed with that information, consumers are therefore able to address inaccuracies directly with the employer or preemptively discuss with the employer any negative information that appears on the report.

36.    Providing the consumer with the notice after an employment decision is made, or failing to provide this information at all, fails to comply with the requirements of Section 1681k(a)(1).

37.    The alternative provision, Section 1681k(a)(2), does not require notice to the consumer, but rather imposes upon CRAs the strict requirement that they use procedures that are

Page 6 -    CLASS ACTION ALLEGATION COMPLAINT

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET, SUITE 500
PORTLAND, OREGON 97204
TEL. (503) 227-1600    FAX (503) 227-6840

designed to ensure that the information CRAs report regarding consumers for employment purposes is as accurate as possible.

38. Thus, the CRA trades the process of providing notice for the obligation to develop and implement strict procedures to ensure that the information is accurate, complete, and up-to-date.

39. CRAs typically meet this "complete and up-to-date" requirement by manually checking the public records at the court level, to ensure that the CRA is reporting what is the most-recent information in the court's records.

40. In the case of Plaintiff and the Classes described below, Pre-Employ abided by neither of the requirements under Section 1681k(a).

D.  **Pre-Employ Acted Willfully or Recklessly**

41. Defendant's procedures and conduct were willful. They were carried out in the manner that Defendant intended and not by mere accident or mistake.

42. The statutory language and mandates that restrict and govern Defendant's business have been in effect for decades.

43. Defendant's conduct was willful, in failing to both acknowledge its obligations under the FCRA and to implement effective notice and compliance procedures to ensure its conduct does not run afoul of the FCRA.

44. Defendant knew or should have known about its legal obligations under the FCRA, particularly in light of the fact that Defendant holds itself out as having "deep expertise" in the FCRA arena. The FCRA obligations to which Defendant is subject are well-established in the plain language of the FCRA and in caselaw applying those provisions.

Page 7 -   CLASS ACTION ALLEGATION COMPLAINT

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET, SUITE 500
PORTLAND, OREGON 97204
TEL. (503) 227-1600   FAX (503) 227-6840

45. Defendant obtained or had available substantial written materials that apprised it of its duties under the FCRA. A reasonable CRA knows about or can easily discover these statutory mandates.

46. Despite its knowledge of these legal obligations, Defendant acted consciously in breaching its known duties and depriving Plaintiff, and similarly situated individuals, of their rights under the FCRA.

47. As a result of these FCRA violations, Defendant is liable to Plaintiff and similarly situated individuals for statutory damages from $100 to $1,000 pursuant to 15 U.S.C. § 1681n(a)(1)(A), plus punitive damages pursuant to 15 U.S.C. § 1681n(a)(2), for the FCRA violations alleged herein, and for attorneys' fees and costs pursuant to § 1681n and § 1681o.

## V. CLASS ACTION ALLEGATIONS

### A. The 1681k(a)(1) "Notice Class"

48. Plaintiff brings this action on behalf of the following Class of individuals, of which she is a member:

> All natural persons residing in the United States (including all territories and other political subdivisions of the United States) (a) who were the subject of a Pre-Employ consumer report (b) that contained at least one record of a criminal conviction or arrest, civil lien, bankruptcy, or civil judgment (c) that was furnished to a third party to make an employment decision (d) within five years preceding the filing of this action and during its pendency, and (e) to whom Pre-Employ did fail to mail (place in the United States mail postage pre-paid) to the subject of the report a written notice that it was furnishing the subject requested report on the day it furnished the report.

### B. The 1681k(a)(2) "Strict Procedures Class"

49. Plaintiff also brings this action on behalf of the following Class of individuals, of which she is a member:

Page 8 -   CLASS ACTION ALLEGATION COMPLAINT

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET, SUITE 500
PORTLAND, OREGON 97204
TEL. (503) 227-1600   FAX (503) 227-6840

> All natural persons residing in the United States (including all territories and other political subdivisions of the United States) (a) who were the subject of a Pre-Employ consumer report (b) that contained at least one record of a criminal conviction or arrest, civil lien, bankruptcy, or civil judgment (c) that was furnished to a third party to make an employment decision (d) within five years preceding the filing of this action and during its pendency.

### C. Application of Rule 23 to the Classes

50. **Numerosity – FED. R. CIV. P. 23(a)(1).** The Class members are so numerous that joinder of all is impractical. Upon information and belief, Defendant furnishes thousands, if not tens of thousands, of consumer reports to businesses to assist in hiring and/or employee retention decisions. The names and addresses of the Class members are identifiable through documents maintained by the Defendant, and the Class members may be notified of the pendency of this action by published and/or mailed notice.

51. **Existence and Predominance of Common Questions of Law and Fact – FED. R. CIV. P. 23(a)(2) and (b)(3).** Common questions of law and fact exist as to all members of the Classes. These questions predominate over the questions affecting only individual members. These common legal and factual questions include, among other things:

    a. Whether Defendant provided notice to consumers "at the time" it gave employers reports about them as required by section 1681k(a)(1);

    b. Whether Defendant's procedures violated section 1681k(a)(2) by failing to employ strict procedures designed to ensure public-record information it reports for employment purposes is "complete and up-to-date";

    c. Whether Defendant knowingly and intentionally acted in conscious disregard of the rights of consumers.

Page 9 - CLASS ACTION ALLEGATION COMPLAINT

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET, SUITE 500
PORTLAND, OREGON 97204
TEL. (503) 227-1600  FAX (503) 227-6840

52.     **Typicality – FED. R. CIV. P. 23(a)(3).** Plaintiff's claims are typical of the claims of each Class member. For class certification purposes, Plaintiff seeks only statutory and punitive damages.  Plaintiff only seeks individual or actual damages for herself as a result of Defendant's failure to ensure the maximum possible accuracy of the criminal information it reported about her.  In addition, Plaintiff is entitled to relief under the same causes of action as the other members of the Classes.

53.     **Adequacy of Representation – FED. R. CIV. P. 23(a)(3).** Plaintiff is an adequate representative of the Class because her interests coincide with, and are not antagonistic to, the interests of the members of the Classes she seeks to represent. Plaintiff has retained counsel competent and experienced in such litigation, and she intends to prosecute this action vigorously. FED. R. CIV. P. 23(a)(4).  Plaintiff and her Counsel will fairly and adequately protect the interests of members of the Classes.

54.     **Superiority – FED. R. CIV. P. 23(b)(3).** Questions of law and fact common to the Class members predominate over questions affecting only individual members, and a class action is superior to other available methods for fair and efficient adjudication of the controversy. FED. R. CIV. P. 23(b)(3). The statutory and punitive damages sought by each member are such that individual prosecution would prove burdensome and expensive given the complex and extensive litigation necessitated by Defendant's conduct. It would be virtually impossible for the members of the Classes individually to redress effectively the wrongs done to them.  Even if the members of the Classes themselves could afford such individual litigation, it would be an unnecessary burden on the courts. Furthermore, individualized litigation presents a potential for inconsistent or contradictory judgments and increases the delay and expense to all parties and to the court system presented by the complex legal and factual issues raised by

Page 10 -  CLASS ACTION ALLEGATION COMPLAINT

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET, SUITE 500
PORTLAND, OREGON 97204
TEL. (503) 227-1600   FAX (503) 227-6840

Defendant's conduct. By contrast, the class action device will result in substantial benefits to the litigants and the Court by allowing the Court to resolve numerous individual claims based upon a single set of proof in just one case.

55.     **Injunctive Relief Appropriate for the Class – FED. R. CIV. P. 23(b)(2)**. Class certification is appropriate because Defendant has acted on grounds generally applicable to the Classes, making appropriate equitable injunctive relief with respect to Plaintiff and the Class members. FED. R. CIV. P. 23(b)(2).

## VI.   CLAIMS FOR RELIEF

### COUNT I—VIOLATION OF FCRA § 1681k(a)(1)
### (ON BEHALF OF PLAINTIFF AND THE CLASS)

56.     Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

57.     When Defendant sold Plaintiff's consumer report to Good Samaritan for employment purposes, and the report contained information likely to have an adverse affect on Plaintiff's ability to obtain employment, it was obligated to send Plaintiff notice at the time it provided the report to Good Samaritan.

58.     This failure by Defendant violated 15 U.S.C. § 1681k(a)(1) as to Plaintiff and members of the Class.

59.     Pursuant to section 1681n of the FCRA, Defendant is liable for willfully failing to abide by the requirements of Section 1681k(a)(1).  Defendant is also liable for its negligent non-compliance with 15 U.S.C. § 1681k, pursuant to 15 U.S.C. § 1681o.

60.     Plaintiff and the Class are therefore entitled to recover from Defendant statutory damages between $100 and $1,000 per violation, actual damages, punitive damages as the Court

Page 11 -  CLASS ACTION ALLEGATION COMPLAINT

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET, SUITE 500
PORTLAND, OREGON 97204
TEL. (503) 227-1600   FAX (503) 227-6840

may allow, attorneys' fees and costs, and injunctive and equitable relief that the Court deems proper.

## COUNT II—VIOLATION OF FCRA § 1681k(a)(2)
## (ON BEHALF OF PLAINTIFF AND THE CLASS)

61.     Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

62.     When Defendant sold Plaintiff's consumer report to Good Samaritan for employment purposes, and the report contained information likely to have an adverse affect on Plaintiff's ability to obtain employment, Defendant was obligated to employ strict procedures to ensure the information it reported was complete and up-to-date.

63.     This failure by Defendant violated 15 U.S.C. § 1681k(a)(2) as to Plaintiff and members of the Class.

64.     Pursuant to section 1681n of the FCRA, Defendant is liable for willfully failing to abide by the requirements of Section 1681k(a)(2). Defendant is also liable for its negligent non-compliance with 15 U.S.C. § 1681k, pursuant to 15 U.S.C. § 1681o.

65.     Plaintiff and the Class are therefore entitled to recover from Defendant statutory damages between $100 and $1,000 per violation, actual damages, punitive damages as the Court may allow, attorneys' fees and costs, and injunctive and equitable relief that the Court deems proper.

## COUNT III—VIOLATION OF FCRA § 1681e(b)
## (ON BEHALF OF THE PLAINTIFF INDIVIDUALLY)

66.     Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET, SUITE 500
PORTLAND, OREGON 97204
TEL. (503) 227-1600   FAX (503) 227-6840

67. Defendant compiled and prepared a consumer report on Plaintiff for employment purposes and, in doing so, incorrectly attributed the criminal history of another individual to Plaintiff.

68. Plaintiff has no criminal history, so the inclusion of this person's criminal history on Plaintiff's report resulted in an inaccurate report.

69. Had Pre-Employ utilized, as FCRA requires, "reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates," Plaintiff's report would not have included this disadvantageous, and inaccurate, information.

70. Plaintiff was not hired because of the inaccurate criminal history Defendant included in the report it furnished to Good Samaritan.

71. Pursuant to Section 1681o of the FCRA, Defendant is liable for negligently failing to maintain reasonable procedures to assure maximum possible accuracy of the consumer reports it sold in violation of 15 U.S.C. § 1681e(b).

72. Plaintiff is therefore entitled to recover her actual damages, attorneys' fees and costs, and appropriate equitable relief from Pre-Employ pursuant to 15 U.S.C. § 1681o.

## VII.  PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff and the members of the putative Classes pray for relief as follows:

73. An order certifying the proposed 1681k(a)(1) Notice Class herein under Federal Rule 23 and appointing Plaintiff and her undersigned counsel of record to represent same;

Page 13 - CLASS ACTION ALLEGATION COMPLAINT

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET, SUITE 500
PORTLAND, OREGON 97204
TEL. (503) 227-1600   FAX (503) 227-6840

74. An order certifying the proposed 1681k(a)(2) Strict Procedures Class herein under Federal Rule 23 and appointing Plaintiffs and their undersigned counsel of record to represent same;

75. The creation of a common fund available to provide notice of and remedy Defendant's FCRA violations;

76. Statutory and punitive damages;

77. Equitable relief as may be available;

78. Actual damages for Plaintiff for the inaccuracies in her Pre-Employ report;

79. Attorneys' fees, expenses, and costs;

80. Pre-judgment and post-judgment interest as provided by law; and

81. Such other relief the Court deems just, equitable, and proper.

## JURY TRIAL DEMAND

82. Plaintiff demands trial by jury on all issues.

DATED this 16th day of October, 2013.

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.

By: /s/ Steve D. Larson
  **Steve D. Larson,** OSB No. 863540
  **Mark A. Friel**, OSB No. 002592

209 SW Oak Street, Suite 500
Portland, OR 97204
Telephone:   (503) 227-1600
Facsimile:   (503) 227-6840
Email:     slarson@stollberne.com
        mfriel@stollberne.com

and

Page 14 - CLASS ACTION ALLEGATION COMPLAINT

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET, SUITE 500
PORTLAND, OREGON 97204
TEL. (503) 227-1600   FAX (503) 227-6840

        Joseph G. Sauder (*to be admitted pro hac vice*)
        Matthew D. Schelkopf (*to be admitted pro hac vice*)
        Benjamin F. Johns (*to be admitted pro hac vice*)
        CHIMICLES & TIKELLIS LLP
        One Haverford Center
        361 W. Lancaster Ave.
        Haverford, PA 19041
        Telephone:   (610) 645-4712
        Facsimile:    (610) 649-3633
        Email:        JosephSauder@chimicles.com
                      MatthewSchelkopf@chimicles.com
                      BenJohns@chimicles.com

and

        Michael A. Caddell (*to be admitted pro hac vice*)
        Cynthia B. Chapman (*to be admitted pro hac vice*)
        Craig C. Marchiando (*to be admitted pro hac vice*)
        CADDELL & CHAPMAN
        1331 Lamar, Suite 1070
        Houston, TX  77010
        Telephone:   (713) 751-0400
        Facsimile:    (713) 751-0906
        Email:        mac@caddellchapman.com

***Attorneys for Plaintiff and the Putative Classes***

Page 15 **-** CLASS ACTION ALLEGATION COMPLAINT

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET, SUITE 500
PORTLAND, OREGON 97204
TEL. (503) 227-1600   FAX (503) 227-6840