**Richard A. Lee**, OSB NO: 842719
Email: lee@bodyfeltmount.com
**Deanna L. Wray**, OSB NO: 974423
Email: wray@bodyfeltmount.com
**Justin M. Thorp**, OSB NO: 974154
Email: thorp@bodyfeltmount.com
**BODYFELT MOUNT LLP**
319 SW Washington St., Suite 1200
Portland, Oregon 97204
Telephone:   (503) 243-1022
Facsimile:    (503) 243-2019

Attorneys for Defendant

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| **APRIL SPEERS,** individually and on behalf of all others similarly situated,<br><br>                            Plaintiff,<br><br>    vs.<br><br>**PRE-EMPLOY.COM, INC.,**<br><br>                     Defendant. | Case No. 3:13-cv-01849-BR<br><br>**JOINT MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT** |

## <u>MOTION</u>

Plaintiff April Speers, individually and on behalf of all others similarly situated, ("Plaintiff") and Defendant Pre-Employ.com, Inc. ("Defendant") respectfully move for preliminary approval of the proposed settlement. The Parties request this Court enter an Order (1) granting preliminary approval of the proposed settlement; (2) conditionally certifying a class for settlement purposes only pursuant to Fed. R. Civ. P. 23; (3) appointing Class Counsel for the settlement classes and Plaintiff as the Class Representative; (4) approving the proposed notice plans for the Settlement Classes;

(5) appointing Angeion Group as the Settlement Administrator; and (6) scheduling the Court's final fairness hearing for the proposed settlement.

## MEMORANDUM OF LAW

On October 16, 2013, Plaintiff filed this proposed class-action lawsuit for alleged violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681 *et seq*. The Parties have engaged in motion practice, depositions and written discovery, and engaged in a full-day mediation before Magistrate Judge Coffin. The facts have been thoroughly developed. The Parties have now reached a substantial settlement (the "Settlement Agreement") that provides a recovery for a proposed settlement class in exchange for a release of potential claims against Defendant. A true and correct copy of the executed Settlement Agreement is attached as Exhibit 1 to the Declaration of Justin M. Thorp.

The Parties now move this Court to certify a settlement class and preliminarily approve the settlement. The Parties believe that the settlement represents a fair, reasonable, and adequate resolution of the claims brought in this action. For purposes of settlement only, the Parties agree that the Settlement Class meets the requirements for certification under Fed. R. Civ. P. 23, and the proposed Notice Plan for the classes satisfy the requirements of Rule 23(e). For all these reasons, the Parties request that the Court enter an order granting preliminary approval of the proposed settlement.

## I.    HISTORY OF THE LITIGATION AND THE MEDIATION

Plaintiff filed her Complaint on October 16, 2013. Defendant filed a Motion to Dismiss on December 10, 2013. After briefs and oral argument on the matter, the District Court dismissed Plaintiff's Complaint with leave to replead on July 23, 2014.

BODYFELT MOUNT LLP
Attorneys At Law
319 SW Washington Street, Suite 1200
Portland OR 97204
Phone: 503-243-1022 Fax: 503-243-2019

Plaintiff filed a Second Amended Complaint on August 25, 2014, and Defendant answered on September 2, 2014.

Multiple sets of interrogatories and requests for production were propounded by the Parties beginning in March, 2014. (Thorp Decl.). In December, 2014, Defendant deposed Plaintiff, and Plaintiff conducted a Rule 30(b)(6) deposition of Defendant's corporate representatives and two of its employees. Defendant filed a Motion for Partial Summary Judgment against Plaintiff's putative class claims on March 30, 2015.  *Id.*

The Parties engaged in direct settlement negotiations in early 2014. (Thorp Decl.). Plaintiff made a settlement demand in March, 2014, and Defendant responded with a settlement offer in April, 2014. However, the Parties determined that they were too far apart to resolve the matter, and did not continue with settlement discussions at that time. On April 1, 2015, after the Parties had exchanged written discovery and depositions, the Parties engaged in full-day mediation with Magistrate Judge Thomas Coffin. The Parties agreed on the material terms of this settlement which was read into the record.

## II.    THE TERMS OF THE PROPOSED SETTLEMENT

The Settlement Agreement is the result of hard-fought, arm's-length negotiations between the Parties. The proposed settlement would release FCRA and related claims for roughly 770 consumers in the Settlement Class in exchange for a pro rata share of the $120,000 settlement fund, a net recovery of approximately $155 per Class Member. There is no claims process for Class Members to receive their payments or reversion of unclaimed funds to the Defendant.

### A.    The Settlement Class

The Settlement Class comprises all consumers who were the subject of one or more employment-purposed Consumer Reports furnished to a third party by Defendant,

BODYFELT MOUNT LLP
Attorneys At Law
319 SW Washington Street, Suite 1200
Portland OR 97204
Phone: 503-243-1022 Fax: 503-243-2019

during the period from October 16, 2011, through the date of Preliminary Approval, and whose report was later corrected by Defendant due to a dispute as to whether information in the report was incomplete, not up to date, and/or inaccurate. (Settlement Agreement § 1.25). There are approximately 770 consumers in this class. (Thorp Decl.). The Settlement Agreement will require Defendant to create a $120,000 settlement fund, to be divided pro rata amongst each Settlement Class member. Unclaimed funds will be paid to a non-profit entity or entities submitted jointly by the Parties and approved by the Court as a *cy pres* award. (Settlement Agreement § 7.4.6).

All members of the Settlement Class who do not opt out will release Defendant from any claims related to their consumer report. (Settlement Agreement § IX). The Settlement Agreement permits members of the Settlement Class to opt out of the settlement and bring their own lawsuit. It does not permit a member of the proposed Settlement Class to file a new class action based on the same claims asserted here and resolved by the proposed settlement. (Settlement Agreement § 5.1.1).

### B.    The Class Administrator

The Parties request that the Court approve Angeion Group as the Settlement Administrator. Angeion Group has substantial experience in the design and implementation of notice programs for nationwide class-action settlements, including as a settlement administrator in numerous monetary fund settlements. (Thorp Decl. Ex. 2). Angeion Group will manage the direct mail and other forms of notice for the Notice Plan, as well as the opt-out process for Class Members who do not wish to be included in the settlement.

### C.    The Notice Plan

The Parties have agreed to a notice program designed to reach as many Class Members as possible. Defendant will provide the Class Administrator with a

BODYFELT MOUNT LLP
Attorneys At Law
319 SW Washington Street, Suite 1200
Portland OR 97204
Phone: 503-243-1022 Fax: 503-243-2019

spreadsheet listing all members of the Settlement Class. For nearly all members, the spreadsheet will include an address that is no older than October 16, 2011. For those Class Members without an address, the list will include a telephone number, an email address, or both. (Thorp Decl.).

The Settlement Administrator will send direct mail notice to each member of the Settlement Class based upon their last known address. A copy of the proposed notice is attached as Exhibit 3 to the Declaration of Justin M. Thorp. For up to forty-five (45) days following the mailing of these notices, the Settlement Administrator will re-mail the notices via standard U.S. mail, postage prepaid, to updated addresses of Settlement Class Members to the extent that the Settlement Administrator receives address change notifications from the U.S. Postal Service. (Settlement Agreement § 4.2.1). No later than twenty days before the final fairness hearing, the Settlement Administrator will file proof of the mailing of the Mail Notice with the Court. *Id.*

The Settlement Administrator will also create and a Class Settlement Website to be activated no later than five days prior to the mailing of the Mail Notice described above. (Settlement Agreement § 4.2.1). The Class Settlement Website will post important settlement documents, such as the Settlement Agreement, the Mail Notice, and the Preliminary Approval Order. In addition, the Class Settlement Website will include a description of the Settlement Fund, a section for frequently-asked questions, and procedural information regarding the status of the Court-approval process, such as an announcement when the final approval hearing is scheduled, when the Final Judgment and Order has been entered, when the Effective Date is expected or has been reached, and when payments will likely be mailed. *Id.*

A toll-free telephone number will be established that will provide Settlement Class Members with access to recorded information regarding the settlement and

BODYFELT MOUNT LLP
Attorneys At Law
319 SW Washington Street, Suite 1200
Portland OR 97204
Phone: 503-243-1022 Fax: 503-243-2019

live operators who will be able to respond to inquiries. (Settlement Agreement § 4.2.4).

### D.    CAFA Notice

Pursuant to the Class Action Fairness Act of 2005 ("CAFA"), the Settlement Administrator will send a notice of settlement to the appropriate federal and state officials under 28 U.S.C. § 1715(b), no later than 10 days after this filing. Defendant will file with the Court a proof of service after the notice pursuant to CAFA has been completed. The Court is requested to approve the CAFA Notice in its preliminary approval order. A copy of the proposed CAFA notice is attached as Exhibit 4 to the Declaration of Justin M. Thorp.

### E.    Attorney Fees and Service Award

Plaintiff and her counsel will ask the Court to approve the attorneys' fees and class representative service award negotiated by the Parties and permitted in the Settlement Agreement. (Settlement Agreement §§ 7.3, VIII). Both of these subjects – attorney fees and service award – were addressed in mediation only after the Parties had reached an agreement as to the recovery for the Class. (Thorp Decl.). The attorney fees are separate from the Settlement Fund, and do not reduce the amount that Class Members will receive under the Settlement. Defendant agrees to pay that amount without contest, and Plaintiff's counsel have agreed not to seek a greater amount.

The Parties have also agreed that the named Plaintiff may ask the Court for an award for her service as Class Representative in the amount of $4,000.00. Again, this amount will not reduce the amount Class Members will receive.

## III.    THE PROPOSED CLASS SHOULD BE CERTIFIED FOR SETTLEMENT PURPOSES.

BODYFELT MOUNT LLP
Attorneys At Law
319 SW Washington Street, Suite 1200
Portland OR 97204
Phone: 503-243-1022 Fax: 503-243-2019

"The Ninth Circuit has declared a strong judicial policy favoring settlement of class actions." *Class Plaintiffs v. City of Seattle*, 955 F.2d 1268, 1276 (9th Cir. 1992). Approval of a settlement takes place in two stages. First, the Court examines whether the settlement warrants preliminary approval. If so, the parties must provide notice to class members. After notice is provided and putative class members have a chance to opt out or object, the Court determines whether final approval should be granted. *Kirchner v. Shred-It USA, Inc.*, 2015 U.S. Dist. LEXIS 42238 at *3 (E.D. Cal. 2015).

At the preliminary stage, "the court need only determine whether the proposed settlement is within the range of possible approval." *Murillo v. Pac. Gas & Electric*, 266 F.R.D. 468, 479 (E.D. Cal. 2010). This requires consideration of "whether the proposed settlement discloses grounds to doubt its fairness or other obvious deficiencies, such as unduly preferential treatment of class representatives or segments of the class, or excessive compensation of attorneys." *Id.*

For a class to be certified, it must satisfy: (a) all of the requirements of Fed. R. Civ. P. 23(a); (b) at least one of the requirements of Rule 23(b); and (c) the requirements of Rule 23(e). For purposes of settlement, the parties agree that those requirements are met, as explained further below.

## A.    The Threshold Requirements of Rule 23(a) Are Satisfied in This Case.

In considering a settlement at the preliminary approval stage, the first question for the Court is whether a settlement class satisfies the prerequisites of in Rule 23(a). Those prerequisites require that: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class. However, when examining certification for settlement

BODYFELT MOUNT LLP
Attorneys At Law
319 SW Washington Street, Suite 1200
Portland OR 97204
Phone: 503-243-1022 Fax: 503-243-2019

purposes, the Court may overlook issues that might make the certification inappropriate for trial. *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 620 (1997) (when considering "a request for settlement-only class certification, a district court need not inquire whether the case, if tried, would present intractable management problems…for the proposal is that there be no trial"). The Parties agree that, for purposes of settlement, the prerequisites of Rule 23(a) are satisfied.

### 1.    Numerosity

The proposed class numbers approximately 770 Members. (Thorp Decl.). That satisfies the "numerosity" element of Rule 23(a)(1). *See McMillon v. Hawaii*, 261 FRD 536, 542 (D Haw 2009) (numerosity usually satisfied if there would be more than 40 class members).

### 2.    Commonality

Under Fed. R. Civ. P. 23(a)(2), there must be at least one question of law or fact that is important to *all* of the class members' claims. The "existence of shared legal issues with divergent factual predicates" is normally sufficient to establish commonality. *See Hanlon v. Chrysler Corp.*, 150 F3d 1011, 1019 (9th Cir 1998). Such common question "must be of such nature that it is capable of class-wide resolution – which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. ___, 131 S Ct 2541 (2011). Here, all Class Members' claims present the common legal question of whether Pre-Employ's procedures were sufficiently "strict" under 15 U.S.C. § 1681k(a)(2). That question can be answered with classwide proof of Pre-Employ's procedures, circumstances which satisfy Rule 23(a)(2).

BODYFELT MOUNT LLP
Attorneys At Law
319 SW Washington Street, Suite 1200
Portland OR 97204
Phone: 503-243-1022 Fax: 503-243-2019

### 3. Typicality

In order to bring a case as a class action, the named plaintiff's claim must be "typical" of the class claims. Fed. R. Civ. P. 23(a)(3). Under this requirement, class claims are limited to "those fairly encompassed by the named plaintiff's claims." *General Tel. Co. v. EEOC*, 446 U.S. 318, 100 S. Ct. 1698 (1980). As with its liability to the other members of the settlement class, defendant's liability to plaintiff depends on whether Pre-Employ willfully failed to follow strict procedures to ensure that public record information is accurate and up-to-date. Therefore, her claim is "typical" under Rule 23(a)(3).

### 4. Adequacy of Representation

A representative plaintiff must be able to provide fair and adequate protection for the interests of the class. That protection involves two factors: (1) the representative plaintiff's attorney must be qualified to conduct the proposed litigation; and (2) the representative plaintiff must not have interests antagonistic to those of the class. *Allied Orthopedic Appliances, Inc. v. Tyco Healthcare Group, L.P.*, 247 F.R.D. 156, 177 (C.D. Cal. 2007).

Both elements are satisfied. Plaintiff's counsel are nationally recognized FCRA class-action practitioners. They have represented certified classes in numerous other cases, including FCRA cases. (Caddell Decl. ¶¶ 10–13; Schelkopf Decl. ¶¶ 12–13; Larsen Decl. ¶¶ 2–3.). With respect to the second factor, Plaintiff has no interests that are antagonistic to the interests of the Settlement Class. If she prevailed, the other Class Members would prevail, and vice versa.

### B. The Proposed Settlement Class Meets Rule 23(b)(3)'s Requirements.

If Rule 23(a) is satisfied, the proposed class must then fall into one of the categories set out in Rule 23(b) to warrant certification. Here, the Settlement

BODYFELT MOUNT LLP
Attorneys At Law
319 SW Washington Street, Suite 1200
Portland OR 97204
Phone: 503-243-1022 Fax: 503-243-2019

Agreement provides for the payment of a monetary settlement to Class Members and, therefore, must meet the requirements of Rule 23(b)(3). That rule requires that: (1) "the questions of law or fact common to the members of the class predominate over any questions affecting only individual members," and (2) "a class action is superior to other available methods for the fair and efficient adjudication of the controversy." Fed. R. Civ. P. 23(b)(3). The Parties agree that, for purposes of settlement, both are satisfied here.

As to the first requirement, the internal policies and procedures that Defendant followed in gathering and reporting public-record information are alleged to be common to all members of the Settlement Class. Moreover, Plaintiff alleges that the same policies and procedures, common to all Class Members, constitute "willful" violation of FCRA. (2d Am. Cmplt. ¶¶ 30, 31). Likewise, damages present no individual issues since they are statutory and comparatively small. Class Members are therefore unlikely to litigate such claims on their own, making class treatment appropriate. *Kavu, Inc. v. Omnipak Corp.*, 246 F.R.D. 642, 650 (W.D. Wash. 2007). Thus, common issues predominate over individual ones.

As to the second requirement, superiority, class settlement is the most efficient means of adjudicating the disputes raised here. "There is a strong presumption in favor of a finding of superiority" where, as here, "the alternative to a class action is likely to be no action at all for the majority of class members." *Cavin v. Home Loan Ctr., Inc.*, 236 F.R.D. 387, 396 (N.D. Ill. 2006). Additionally, possible complications at trial are not at issue since the class is being certified for settlement purposes and not for trial. *Amchem*, 521 U.S. at 620 ("Confronted with a request for settlement-only class certification, a district court need not inquire whether the case, if tried, would present intractable management problems, see Fed. Rule Civ. Proc. 23(b)(3)(D), for

BODYFELT MOUNT LLP
Attorneys At Law
319 SW Washington Street, Suite 1200
Portland OR 97204
Phone: 503-243-1022 Fax: 503-243-2019

the proposal is that there be no trial."). Thus, class certification has been granted in similar FCRA "procedures" cases. *See Williams v. LexisNexis Risk Mgmt.*, 2007 U.S. Dist. LEXIS 62193 (E.D. Va. 2007) (granting class certification in § 1681k "strict procedures" case); *Ramirez v. Trans Union, LLC*, 2014 U.S. Dist. LEXIS 101541 (N.D. Cal., July 24, 2014) (granting class certification in § 1681e(b) "reasonable procedures" case).

### C.   The Settlement Satisfies Rule 23(e).

In addition to meeting the requirements of Rule 23(a) and (b), a settlement class must also be found to be "fair, reasonable and adequate" under Rule 23(e)(2). In making this evaluation, the Ninth Circuit analyzes the following factors:

> "(1) the strength of the plaintiff's case; (2) the risk, expense, complexity, and likely duration of further litigation; (3) the risk of maintaining class action status throughout the trial; (4) the amount offered in settlement; (5) the extent of discovery completed and the stage of the proceedings; (6) the experience and view of counsel; (7) the presence of a governmental participant; and (8) the reaction of the class members of the proposed settlement."

*Churchill Village v. Gen. Elec.*, 361 F.3d 566, 575 (9th Cir. 2004). These factors are used in analyzing the settlement as a whole, rather than its individual component parts. *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998). At the preliminary approval stage, many of these factors cannot be fully evaluated. Therefore, the Court need only (at the preliminary stage) review whether the settlement terms reveal are any "glaring deficiencies" based on these factors. *Ontiveros v. Zamora*, 2014 U.S. Dist. LEXIS 91964 (E.D. Cal. 2014). They do not.

### 1.   Further Litigation Would Carry Risks For Plaintiff And The Settlement Class.

The first three factors – the strength of Plaintiff's case, risk of litigation, and risk of maintaining class action status – favor this settlement. Defendant has disputed

Page 11 – JOINT MOTION FOR
PRELIMINARY APPROVAL

BODYFELT MOUNT LLP
Attorneys At Law
319 SW Washington Street, Suite 1200
Portland OR 97204
Phone: 503-243-1022 Fax: 503-243-2019

Plaintiff's claims since the inception of this case. Because the Class claims are dependent upon recovery of statutory and punitive damages, any recovery for the Class must be predicated on a finding that Defendant "willfully" violated the FCRA. 15 U.S.C. § 1681n(a). That would have been a high burden that, if not met, would have eliminated any possibility of class recovery. In addition, if Plaintiff chooses to litigate her claims, she would be faced with the more difficult task of certifying her alleged classes for trial purposes. Prior to settlement, Defendant filed a Motion for Partial Summary Judgment that, if successful, would have extinguished Plaintiff's ability to bring this case as a class action.

In addition to the potential of losing at trial, the Parties anticipate incurring substantial additional costs in pursuing this litigation further. The level of additional costs would significantly increase as Plaintiff begins her preparations for the certification argument and, if successful, an inevitable interlocutory appeal attempt. These costs would of course be in addition to those incurred in opposing Defendant's Motion for Partial Summary Judgment. Thus, the likelihood of substantial future costs favors approving the Proposed Settlement.

## 2.    The Settlement Provides a Substantial Recovery for The Settlement Class.

The fourth factor – the amount offered – also favors settlement in light of the real risk of an unfavorable outcome for Plaintiff. "The Ninth Circuit has long deferred to the private consensual decision of the parties regarding the amount of settlement and puts a good deal of stock in the product of an arms-length non-collusive negotiated resolution." *Medearis v. Or. Teamster Employers Trust*, 2009 U.S. Dist. LEXIS 53453 at *8 (D. Or. June 19, 2009) (internal quotations omitted). Here, there is nothing about the settlement amount that would raise a concern. It is approximately $155 per class member, which is within the range of potential statutory damages even if the class were

BODYFELT MOUNT LLP
Attorneys At Law
319 SW Washington Street, Suite 1200
Portland OR 97204
Phone: 503-243-1022 Fax: 503-243-2019

to fully prevail at trial. 15 U.S.C. § 1681n. A fraction of that amount, although based on the same statutory damages scheme, was held to be reasonable in *Kirchner v. Shred-It USA, Inc.*, 2015 U.S. Dist. LEXIS 42238 at *28 (E.D. Cal. 2015). And Class Members will receive their payments automatically, without the need to submit a claim form or do anything at all, so long as they remain part of the Settlement Class. This factor therefore favors granting preliminary approval.

### 3. Settlement is Appropriate in Light of The Stage of The Proceedings.

There can be little doubt that the Settlement was the result of a fair process. The Parties engaged in potentially dispositive motion practice, written discovery, depositions, and had begun briefing on class certification prior to settlement. Thus, they "had a clear view of the strength and weaknesses of their case." *See Medearis*, 2009 U.S. Dist. LEXIS 53453 at *9. Moreover, the settlement itself was "the result of vigorous, arms-length bargaining." *See Kirchner*, 2015 U.S. Dist. LEXIS 42238 at *26. The Parties had engaged in direct negotiations attempted unsuccessfully, and were only able to settle following a full-day mediation with Judge Coffin's assistance. Thus, the fifth *Churchill Village* factor, stage of proceedings and discovery completed, favors the settlement.

### 4. Class Counsel Have Substantial Experience With FCRA Class Actions.

Class Counsel are highly experienced in FCRA class action litigation and endorse the settlement as fair and adequate under the circumstances, and is an excellent result for Class Members given the vigorousness of Pre-Employ's opposition and the state of the governing law. (Caddell Decl. ¶ 37). Courts recognize that the opinion of experienced and informed counsel in favor of settlement should be afforded substantial consideration in determining whether a class settlement is fair

BODYFELT MOUNT LLP
Attorneys At Law
319 SW Washington Street, Suite 1200
Portland OR 97204
Phone: 503-243-1022 Fax: 503-243-2019

and adequate. *See, e.g., In re MicroStrategy Inc. Sec. Litig.*, 148 F. Supp.2d 654, 665 (E.D. Va. 2001); *Stewart v. Rubin*, 948 F. Supp. 1077, 1087 (D.D.C. 1996); *Rolland*, 191 F.R.D. at 6. Thus, the sixth factor – experience and view of counsel – likewise favors settlement.

## IV.    THE PROPOSED NOTICE PLANS MEET RULE 23's REQUIREMENTS

Once preliminary approval of a settlement class is granted, Rule 23(e)(1) requires the Court to direct notice in a reasonable manner to all class members who would be bound by a proposed settlement, voluntary dismissal, or compromise. "The court has complete discretion in determining what constitutes a reasonable notice scheme, both in terms of how notice is given and what it contains." 7B Charles Alan Wright *et al.*, *Federal Practice & Procedure* § 1797.6 (3d ed. 2006). The manner of the settlement notice need only comply with due-process "reasonableness" requirements, which will vary based on the circumstances of the case. *See Fowler v. Birmingham News Co.*, 608 F.2d 1055, 1059 (5th Cir. 1979).

The Parties propose to provide notice by direct mailing through the U.S. Mail. That satisfies the requirements of Rule 23. *Kirchner*, 2015 U.S. Dist. LEXIS 42238 at *18-19. As to its substance, the proposed notice explains the proceedings, the definition of the class, the settlement terms, and the procedures for opting out and objecting. (Thorp Decl. Ex. 2). Additionally, the notice provides a website and a toll-free number to the Settlement Administrator, plus contact information for Class Counsel, so that Class Members can have questions answered or obtain additional information. *Id.* Notice will be provided to Class Members by first class mail, to addresses taken from Pre-Employ's records.

The Notice Plan described above amply satisfies the Rule 23(e) requirement that notice be directed in a "reasonable manner." Consequently, it is

BODYFELT MOUNT LLP
Attorneys At Law
319 SW Washington Street, Suite 1200
Portland OR 97204
Phone: 503-243-1022 Fax: 503-243-2019

respectfully submitted that the Court, after reviewing the form of the proposed notice and the specific terms of the Notice Plan, should find that they are sufficient and provide the reasonable notice that Fed. R. Civ. P. 23(e)(1) requires.

## V.    CONCLUSION

The Settlement provides significant monetary relief to Class Members without their need to take any action to receive their share. In return, Settlement Class Members will release any and all claims for actual damages and related attorneys' fees and expenses, in addition to any statutory or liquidated damages. Moreover, the Notice Plan provides the "reasonable notice" required under Rule 23(e). Accordingly, the Parties respectfully move for an Order (1) granting preliminary approval of the proposed settlement, (2) conditionally certifying the Settlement Class, (3) appointing Class Counsel and Plaintiff as the Class Representative, (4) approving the Notice Plan, (5) appointing Angeion Group as the Settlement Administrators, and (6) scheduling the Court's final approval hearing.

Dated this 30th day of July, 2015

**BODYFELT MOUNT LLP**

BY: _____
    Richard A. Lee, OSB No. 842719
    Email:   lee@bodyfeltmount.com
    Deanna L. Wray, OSB No. 974423
    Email:   wray@bodyfeltmount.com
    Justin M. Thorp, OSB No.: 974154
    Email:   thorp@bodyfeltmount.com
    Phone:  (503) 243-1022
    Fax:      (503) 243-2019

    *Attorneys for Defendant*

BY: _____

Michael A. Caddell (admitted pro hac vice)
Cynthia B. Chapman (admitted pro hac vice)
Craig C. Marchiando (admitted pro hac vice)
CADDELL & CHAPMAN
1331 Lamar, Suite 1070
Houston, TX 77010
Phone:      (713) 751-0400
Fax:        (713) 751-0906


Steve D. Larson, OSB No. 863540
Email: slarson@stollberne.com
Mark A. Friel, OSB No. 002592
Email: mfriel@stollberne.com
STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. Oak St., Suite 500
Portland, OR 97204
Phone:      (503) 227-1600
Fax:        (503) 227-6840


Joseph G. Sauder (admitted pro hac vice)
Matthew D. Schelkopf (admitted pro hac vice)
Benjamin Johns (admitted pro hac vice)
CHIMICLES & TIKELLIS LLP
One Haverford Center
361 W. Lancaster Ave.
Haverford, PA 19041
Phone:      (610) 645-4712
Fax:        (610) 649-3633

*Attorneys for Plaintiff and the Putative Classes*

BODYFELT MOUNT LLP
Attorneys At Law
319 SW Washington Street, Suite 1200
Portland OR 97204
Phone: 503-243-1022 Fax: 503-243-2019

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that I served a true copy of the foregoing **JOINT MOTION FOR PRELIMINARY APPROVAL** on the following attorneys on the date noted below via the following method:

| | |
|---|---|
| Steve D. Larson,<br>Mark A. Friel<br>Stoll Stoll Berne Lokting & Shlachter P.C.<br>209 S. W. Oak Street, Suite 500<br>Portland, OR 97204<br><br>*Of Attorneys for Plaintiff* | Joseph G. Sauder<br>Matthew D. Schelkopf<br>Benjamin F. Johns<br>Chimicles & Tikellis LLP<br>One Haverford Center<br>361 W. Lancaster Ave.<br>Haverford, PA 19041<br><br>*Of Attorneys for Plaintiff* |
| Michael A Caddell<br>Cynthia B. Chapman<br>Craig C. Marchiando<br>Caddell & Chapman<br>1331 Lamar, Suite 1070<br>Houston, TX 77010<br><br>*Of Attorneys for Plaintiff* | |

Method:  ☐ US Mail, postage prepaid
☐ Facsimile
☐ Hand Delivery
☒ CM/ECF

Dated this 30th day of July, 2015.

BY: *s/ Justin M. Thorp*
_____
Richard A. Lee, OSB No. 842719
Email:   lee@bodyfeltmount.com
Deanna L. Wray, OSB No. 974423
Email:   wray@bodyfeltmount.com
Justin M. Thorp, OSB No.: 974154
Email:   thorp@bodyfeltmount.com
Phone:  (503) 243-1022
Fax:      (503) 243-2019

Attorneys for Defendant

BODYFELT MOUNT LLP
Attorneys At Law
319 SW Washington Street, Suite 1200
Portland OR 97204
Phone: 503-243-1022 Fax: 503-243-2019