**Richard A. Lee**, OSB NO: 842719
Email: lee@bodyfeltmount.com
**Deanna L. Wray**, OSB NO: 974423
Email: wray@bodyfeltmount.com
**BODYFELT MOUNT LLP**
319 SW Washington St., Suite 1200
Portland, Oregon 97204
Telephone:    (503) 243-1022
Facsimile:    (503) 243-2019

    Attorneys for Defendant

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| APRIL SPEERS, individually and on behalf of all others similarly situated, | Case No. 3:13-cv-01849-TC |
| Plaintiff, | **ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT** |
| vs. | |
| PRE-EMPLOY.COM, INC., | |
| Defendant. | |

This matter comes before the Court upon the Parties Joint Motion for Preliminary Approval of Class Action Settlement. The Parties have entered into a Class Settlement Agreement (the "Settlement") which, if approved, would resolve this matter. Upon review and consideration of the motion papers and the Settlement and all exhibits thereto, including the proposed forms of notice to the Class, the Court finds that there is sufficient basis for : (1) granting preliminary approval of the Settlement; (2) provisionally certifying the Class for settlement purposes only; (3) appointing Plaintiff's counsel to represent the Class; (4) approving the Parties' proposed notice program and forms of notice substantially similar to those forms attached as exhibits to the Declaration of Justin M.

Thorp and directing that notice be disseminated to the Class pursuant to the notice program provided in the Settlement; (5) approving the Parties' proposed Claim Form, and approving the procedures set forth in the Settlement for Class Members to submit claims, exclude themselves from the Class, and object to the Settlement; (6) appointing Angeion Group as the Settlement Administrator to conduct the duties assigned to that position in the Settlement; and (7) setting a hearing (the "Fairness Hearing"), at which the Court will consider: (a) whether to grant final approval of the Settlement; (b) Class Counsel's application for attorneys' fees and costs; and (c) any request for service award for the Plaintiff.

IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

1.    Capitalized terms not otherwise defined herein shall have the same meaning as set forth in the Settlement.

2.    The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332, and has personal jurisdiction over the Parties.  Venue is proper in this District.

3.    For settlement purposes only, the Court hereby preliminarily certifies the following Class:

> All consumers who were the subject of one or more employment-purposed Consumer Reports furnished to a third party by Defendant, during the period from October 16, 2011, through the date of Preliminary Approval, and whose report was later corrected by Defendant due to a dispute as to whether information in the report was incomplete, not up to date, and/or inaccurate.

4.    This Action is provisionally certified as a class action, for the purposes of settlement only, pursuant to Federal Rules of Civil Procedure 23 (a), 23(b)(3) and 23(e), namely:

- The Class Members are so numerous that joinder of all of them in the Lawsuit is reasonably impracticable;

- There are questions of law and fact common to the Class Members, which predominate over any individual questions;

BODYFELT MOUNT LLP
Attorneys At Law
319 SW Washington Street, Suite 1200
Portland OR 97204
Phone: 503-243-1022 Fax: 503-243-2019

- The claims of the named Plaintiff are typical of the Class Members;

- Plaintiff and Class Counsel have fairly and adequately represented and protected the interests of all of the Class Members; and

- Class treatment of these claims will be efficient and manageable, thereby achieving an appreciable measure of judicial economy, and a class action is superior to the other available methods for a fair an efficient adjudication of this controversy.

5.    Certification of the Class shall be solely for settlement purposes and without prejudice to the Parties in the event the Settlement is not finally approved by this Court or otherwise does not take effect.

6.    The Court preliminarily approves the proposed Settlement as fair, reasonable and adequate, entered into in good faith, free of collusion and within the range of possible judicial approval.

7.    The Court appoints the following as Class Counsel: Michael Caddell, Cynthia Chapman, Craig Marchiando of Caddell & Chapman; Steve Larson and Mark Friel of Stoll Stoll Berne Lokting & Shlachter P.C.; and Joseph Sauder, Matthew Schelkopf and Bejamin Johns of Chimcles & Tikellis LLP.

8.    The Court appoints Plaintiff April Speers as class representative for the Class.

9.    The Court appoints Angeion Group ("Angeion") to serve as the Settlement Administrator, and directs Angeion to carry out all duties and responsibilities of the Settlement Administrator specified in the Settlement.

10.    9.    The Settlement Administrator is permitted to obtain information governed by the Fair Credit Reporting Act for the sole purpose of locating current addresses of class members, pursuant to 15 U.S.C. § 1681b(a)(1).

11.    The Court approves the program for disseminating notice to the Class set for in the Settlement (the "Notice Program").  The Court approves the form and content of the

Page 3- **ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

BODYFELT MOUNT LLP
Attorneys At Law
319 SW Washington Street, Suite 1200
Portland OR 97204
Phone: 503-243-1022 Fax: 503-243-2019

proposed forms of notice, in the forms attached to the Declaration of Justin M. Thorp as Exhibits 3 and 4.  The Court finds that the proposed forms of notice are clear and readily understandable by Class Members.  The court finds that the Notice Program, including the proposed forms of notice, constitutes the best notice practicable under the circumstances, constitutes valid, due and sufficient notice to the Class in full compliance with the requirements of applicable law, including Federal Rule of Civil Procedure 23 and the Due Process Clause of the United States Constitution, and is the only notice to the Class of the Settlement that is required.

12.    The Court approves the form and content of the proposed Claim Form, in the form attached to the Declaration of Justin M. Thorp as Exhibit 3, filed July 30, 2015, and approves the procedures set forth in the Settlement for Class Members to submit Claims.

13.    The Final Fairness Hearing shall take place before the Honorable Thomas M. Coffin on November 10, 2015 at 10:00AM in Courtroom 4 at the Wayne Lyman Morse U.S. Courthouse, 405 East Eighth Ave., Eugene, OR 97401, to determine: whether the proposed Settlement of the Lawsuit on the terms and conditions provided for in the Agreement is fair, reasonable and adequate as to the Settlement Class Members and should be approved; whether the Judgment, as provided for in the Agreement, should be entered; and the amount of any fees and costs that may be awarded to Class Counsel, and the amount of any service award that may be awarded to Plaintiff, as provided for in the Agreement.  The Court will also hear and consider any properly lodged objections at that time under the process set forth below.

14.    Subject to final approval after the Final Fairness Hearing, all Class Members who do not request exclusion ("opt-out") from the Settlement Class certified pursuant to Federal Rule of Civil Procedure 23(b)(3) shall be bound by all determinations and

Page 4- **ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

BODYFELT MOUNT LLP
Attorneys At Law
319 SW Washington Street, Suite 1200
Portland OR 97204
Phone: 503-243-1022 Fax: 503-243-2019

judgments in this Lawsuit concerning the Settlement, including, but not limited to, the validity, binding nature and effectiveness of the releases set forth in the Agreement. To be valid, a request for opt-out exclusion must be personally signed and sent to the Settlement Administrator, and it must include: (i) the name, address, telephone number, and the last four digits of the class member's Social Security number; (ii) a sentence stating that he or she is in a Settlement Class; and (iii) the following statement: "I request to be excluded from the class settlement in April Speers, et al. v. Pre-Employ.com, Inc., United States District Court, District of Oregon, Case No. 3:13-cv-01849-TC." No person within the Settlement Class, or any person acting on behalf of or in concert or participation with that person, may exclude any other person within the Settlement Class from the Settlement Class. In no event shall persons who purport to opt out of the Settlement Class as a group, aggregate, or class involving more than one consumer be considered valid opt-outs. Opt-out requests must be postmarked to the Settlement Administrator no later than thirty (30) days before the Final Approval Hearing.

15.     Any Class Member who has not previously opted-out in accordance with the terms of Paragraph 14 above may appear at the Final Fairness Hearing to argue that the proposed Settlement should not be approved and/or to oppose the application of Class Counsel for an award of attorneys' fees and costs and the service award to Plaintiff. However, no individual within the Settlement Class shall be heard, and no objection may be considered, unless the individual files it with the Court no later than thirty (30) days before the Final Fairness Hearing and serves the objection so that it is received by Counsel and the Settlement Administrator no later than thirty (30) days before the Final Fairness Hearing. (However, objections to the Class Counsel's attorneys' fees may be supplemented up to seven (7) days after the filing of a motion for such fees to address

Page 5- **ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

additional information or materials in the motion.)  Copies of all objection papers must be sent to the following addresses:

| Richard A. Lee<br>Deanna L. Wray<br>BODYFELT MOUNT LLP<br>319 SW Washington St.,<br>Suite 1200<br>Portland, Oregon 97204 | Joseph G. Sauder<br>Matthew D. Schelkopf<br>Benjamin Johns<br>CHIMICLES & TIKELLIS<br>LLP<br>One Haverford Center<br>361 W. Lancaster Ave.<br>Haverford, PA 19041 | Clerk of Court<br>5300 United States<br>Courthouse<br>405 East Eighth Avenue<br>Eugene, Oregon 97401-<br>2706 | Angeion Group<br>1801 Market St., Suite 660<br>Philadelphia, PA 19103 |
|---|---|---|---|

All objections must include: (1) the objector's name, address and telephone number; (2) a sentence stating that to the best of his or her knowledge he or she is a member of the Settlement Class; (3) the factual basis and legal grounds for the objection to the Settlement; (4) the identity of witnesses whom the objector may call to testify at the Final Fairness Hearing; and (5) copies of any exhibits the objector may seek to offer into evidence at the Final Fairness Hearing.  The written objection must indicate whether the class member and/or his lawyer(s) intend to appear at the Final Fairness Hearing.  Any lawyer who intends to appear at the Final Fairness Hearing must also enter a written Notice of Appearance of Counsel with the Clerk of the Court no later than thirty (30) days before the Final Fairness Hearing and shall include the full style and case number of each previous class action case in which that counsel has represented an objector.

If a Settlement Class Member's objection is submitted through an attorney, the objection shall include, in addition to the information set forth in the previous paragraph: (a) the identity and number of the Settlement Class Members represented by objector's counsel; (b) the number of such represented Settlement Class Members who have opted out of the Class; and (c) the number of such represented Settlement Class Members who have remained in the Settlement Class and have not objected. If an objector's counsel will ask to be awarded attorneys' fees or expenses from a source other than his or her client, the Parties will ask the Court to require the objector's counsel to file with the Court, and

Page 6- **ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

BODYFELT MOUNT LLP<br>Attorneys At Law<br>319 SW Washington Street, Suite 1200<br>Portland OR 97204<br>Phone: 503-243-1022 Fax: 503-243-2019

serve on all Counsel, in addition to the documents described above, so that it is received not later than twenty-one (21) days before the Final Fairness Hearing, a document including the following information: (a) a description of the attorney's legal background and prior experience in connection with class action litigation, including all prior cases in which the attorney has represented an objector to a class action settlement; (b) the amount of fees sought by the attorney representing the objector(s), as well as the factual and legal justification for the fees requested; (c) a statement identifying the manner in which the requested fees were calculated; (d) the number of hours spent by the attorney and an estimate of the hours to be spent in the future; and (e) the attorney's hourly rate.

Objections that do not comply with these requirements may not be considered by the Court, shall be deemed waived, and the failure to comply may deprive objectors of standing to appeal any decisions relating to the settlement.

No later than twenty-five (25) days before the Final Fairness Hearing, the Settlement Administrator shall file indexed copies of any objections via the Court's "ECF" system.  To the extent necessary or desired, the Parties may respond to any properly filed objections no later than ten (10) days before the Final Fairness Hearing.

16.    All proceedings in this Lawsuit are stayed pending until final approval of the Settlement, except as may be necessary to implement the Settlement or comply with the terms of the Agreement.

17.    Pending final determination of whether the Settlement should be approved, Plaintiff, all Class Members and any person or entity allegedly acting on behalf of any Class Member, either directly, representatively or in any other capacity, are preliminarily enjoined from commencing or prosecuting against the Released Parties any action or proceeding in any court or tribunal asserting any of the Released Claims (as defined in the Agreement); provided, however, that this injunction shall not apply to individual claims of

Page 7- **ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

BODYFELT MOUNT LLP
Attorneys At Law
319 SW Washington Street, Suite 1200
Portland OR 97204
Phone: 503-243-1022 Fax: 503-243-2019

anyone who timely excludes themselves from the Settlement in a manner that complies with Paragraph 14 above.  This injunction is necessary to protect and effectuate the Settlement, this Order, and this Court's flexibility and authority to effectuate the Settlement and to enter Judgment when appropriate, and it is ordered in aid of this Court's jurisdiction and to protect its judgments pursuant to 28 U.S.C. § 1651(a).

18.    If the Settlement Agreement is terminated or is not consummated under the terms set forth therein, the preliminary certification of the Settlement Class shall be void, and Plaintiff and Defendant shall be deemed to have reserved all their respective rights to propose or oppose any and all class certification issues.

19.    Neither this Order nor the Settlement Agreement shall constitute any evidence or admission of liability by Defendant, or an admission regarding the propriety of any certification for any particular class for purposes of litigation, nor shall they be offered in evidence in this or any other proceeding except to consummate or enforce the Settlement Agreement or the terms of this Order, or by Defendant in connection with any action asserting any claim of release.

20.    This Court reserves the right to adjourn or continue the date of the Final Fairness Hearing without further notice to the Settlement Class, and retains jurisdiction to consider all further applications arising out of or connected with the Settlement.  This Court may approve or modify the Settlement without further notice to the Settlement Class.

IT IS SO ORDERED:

DATED:  8|17|15

THOMAS M. COFFIN
United States Magistrate Judge

BODYFELT MOUNT LLP
Attorneys At Law
319 SW Washington Street, Suite 1200
Portland OR 97204
Phone: 503-243-1022 Fax: 503-243-2019

STIPULATED AND AGREED TO:

| | |
|---|---|
| STOLL STOLL BERNE LOKTING & SHLACHTER P.C.<br><br><br> s/ Steve D., Larson<br>———————————————————<br>Steve D. Larson, OSB No. 863540<br>Mark A. Friel, OSB No.: 002592<br><br>*Of Attorneys for Plaintiff* | CHIMICLES & TIKELLIS LLP<br><br><br> s/ Joseph G. Sauder<br>———————————————————<br>Joseph G. Sauder *(admitted pro hac vice)*<br>Matthew D. Schelkopf *(admitted pro hac vice)*<br>Benjamin F. Johns *(admitted pro hac vice)*<br><br>*Of Attorneys for Plaintiff* |
| CADDELL & CHAPMAN<br><br><br> s/ Michael A. Caddel<br>———————————————————<br>Michael A Caddell *(admitted pro hac vice)*<br>Cynthia B. Chapman *(admitted pro hac vice)*<br>Craig C. Marchiando *(admitted pro hac vice)*<br><br>*Of Attorneys for Plaintiff* | BODYFELT MOUNT LLP<br><br><br> s/ Deanna L. Wray<br>———————————————————<br>Deanna L. Wray, OSB No. 974423<br>Rick A. Lee, OSB No.: 842719<br><br>*Of Attorneys for Defendant* |

Page 9- **ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**