UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| APRIL SPEERS, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>PRE-EMPLOY.COM, INC.,<br><br>Defendant. | Case No. 3:13-cv-01849-TC<br><br>**ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT** |

This matter comes before the Court upon the Parties Joint Motion for Final Approval of Class Action Settlement. The Parties have entered into a Class Settlement Agreement (the "Settlement") which, if finally approved, would resolve this matter. Upon review and consideration of the motion papers, the arguments of counsel, the opinions of objectors to the Settlement, if any, the Settlement and all exhibits thereto, including the provision of notice to the Class, the Court finds that there is sufficient basis for: (1) granting final approval of the Settlement; (2) finally certifying the Class for settlement purposes only; (3) appointing Plaintiff's counsel to represent the Class; (4) approving the Incentive Award to the Named Plaintiff; (5) approving the award of $140,000 in attorneys' fees and costs of litigation to Class Counsel; (6) retaining jurisdiction over the Parties and Class Members for purposes of effectuating the Settlement; (7) overruling all timely filed objections; and (8) dismissing the Plaintiff's and Class Members' claims with prejudice.

IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

Page 1 – ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT

1. The Court convened a Final Fairness Hearing on January 27, 2016. Counsel for the Class and for Pre-Employ were present at that hearing. No Class Members appeared at the hearing.

2. Capitalized terms not otherwise defined herein shall have the same meaning as set forth in the Settlement.

3. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332, and has personal jurisdiction over the Parties. Venue is proper in this District.

4. For settlement purposes only, the Court hereby finally certifies the following Class:

> All consumers who were the subject of one or more employment-purposed Consumer Reports furnished to a third party by Defendant, during the period from October 16, 2011, through August 17, 2015, and whose report was later corrected by Defendant due to a dispute as to whether information in the report was incomplete, not up to date, and/or inaccurate.

5. This Action is finally certified as a class action, for the purposes of settlement only, pursuant to Federal Rules of Civil Procedure 23 (a), 23(b)(3) and 23(e), namely:

- The Class Members are so numerous that joinder of all of them in the Lawsuit is reasonably impracticable;

- There are questions of law and fact common to the Class Members, which predominate over any individual questions;

- The claims of the named Plaintiff are typical of the Class Members;

- Plaintiff and Class Counsel have fairly and adequately represented and protected the interests of all of the Class Members; and

- Class treatment of these claims will be efficient and manageable, thereby achieving an appreciable measure of judicial economy, and a class action is superior to the other available methods for a fair an efficient adjudication of this controversy.

6. The Court finally approves the proposed Settlement as fair, reasonable and adequate, entered into in good faith, free of collusion and within the range of possible

judicial approval.

7.  The Court granted preliminary approval to the Settlement on August 17, 2015, and ordered that the Class be notified of the Settlement.

8.  Through the Court-appointed Settlement Administrator, notice of the Settlement was provided by First Class mail and the Court finds reached 93.8% of Class Members. The Court concludes that this notice plan, as executed, constitutes the best notice practicable under the circumstances, constitutes valid, due and sufficient notice to the Class in full compliance with the requirements of applicable law, including Federal Rule of Civil Procedure 23 and the Due Process Clause of the United States Constitution.

9.  The Court further finds that notice was sufficiently provided to the required government agencies under the Class Action Fairness Act, and that none of these recipients made any comments on the Settlement's terms.

10. No Class Member objected to the Settlement, and only one Class Member—Antonio A. Lopez, whose last known address is 4454 E Fountain Way, Fresno, CA 93726—requested exclusion. The Court finds that Class Member acceptance of the Settlement favors final approval.

11. All Class Members—other than Antonio A. Lopez—who did not request exclusion ("opt-out") from the Settlement Class certified pursuant to Federal Rule of Civil Procedure 23(b)(3) are hereby bound by the Court's final approval of the Settlement and dismissal of the Class's claims with prejudice.

12. The Court hereby overrules all timely objections to the Settlement.

13. If the Settlement Agreement is terminated or is not consummated under the terms set forth therein, the preliminary certification of the Settlement Class shall be void, and Plaintiff and Defendant shall be deemed to have reserved all their respective rights to propose or oppose any and all class certification issues.

14. The Court approves the award of $140,000 in attorneys' fees to Class Counsel. This total is significantly below the estimated lodestar accumulated by Class Counsel in prosecuting this case and, in light of the excellent result obtained for Class Members, is an appropriate sum.

15. The Court further awards the Named Plaintiff an incentive award of $4,000. The Court finds that Ms. Speers actively participated in this litigation and pursued it vigorously for herself and for Class Members. This modest award is deserved and hereby approved.

16. The Settlement Administrator is hereby authorized to make all payments from the Settlement Fund as set forth in the Settlement Agreement. The Court hereby approves The Huntington Bank as the Financial Institution to hold the Settlement Fund pursuant to the Settlement Agreement. The Court approves the National Consumer Law Center as the Parties' agreed-upon *cy pres* recipient. Payment, if any, is authorized to that entity pursuant to the terms if the Settlement Agreement.

17. Neither this Order nor the Settlement Agreement shall constitute any evidence or admission of liability by Defendant, or an admission regarding the propriety of any certification for any particular class for purposes of litigation, nor shall they be offered in evidence in this or any other proceeding except to consummate or enforce the Settlement Agreement or the terms of this Order, or by Defendant in connection with any action asserting any claim of release.

18. In accordance with the Parties' Motion papers and the Settlement Agreement, the Court hereby dismisses the Plaintiff's and Class's claims with prejudice.

IT IS SO ORDERED:

DATED: Feb 10+ 2016

Honorable Judge Coffin

Page 4 – ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT